RECEIVED
SEP 0 9 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

# UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF TENNESSEE

# NASHVILLE DIVISION

**DENNIS SOBIN,** Plaintiff,

v.

**GLENN R. FUNK**, in his official capacity as District Attorney General for the Twentieth Judicial District of Tennessee, Defendant.

Case No. ________

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

(42 U.S.C. § 1983)

Plaintiff Dennis Sobin, proceeding pro se, alleges:

## *I. INTRODUCTION*

This civil-rights action challenges Tennessee's criminalization of "patronizing prostitution" as applied to **private, consensual, adult sexual conduct** involving an agreed exchange of money or value.

Plaintiff does **not** challenge Tennessee's authority to prohibit coercion, trafficking, exploitation, or sexual conduct involving minors. His challenge is strictly limited to **voluntary, private conduct between competent adults**.

Tennessee Code Annotated § 39-13-514 criminalizes Plaintiff's intended conduct solely because compensation is involved, even where the conduct is consensual, private, and devoid of coercion or exploitation.

Plaintiff seeks a declaration that the Constitution protects private consensual adult sexual conduct from criminalization **when compensation is the only distinguishing factor**, and an injunction preventing Defendant Funk from enforcing § 39-13-514 against him under those circumstances.

/

The Supreme Court in *Lawrence v. Texas*, 539 U.S. 558 (2003), recognized a protected liberty interest in private consensual adult sexual conduct and rejected moral disapproval as a sufficient basis for criminalization. *Lawrence* expressly stated that prostitution was not before the Court, thereby leaving unresolved the precise constitutional question presented here.

Plaintiff asks this Court to resolve that question: **whether the State may extinguish the constitutional liberty recognized in *Lawrence* solely because the participants agree to exchange money.**

## II. JURISDICTION

This action arises under the Fifth and Fourteenth Amendments and 42 U.S.C. § 1983.

Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

Declaratory relief is authorized by 28 U.S.C. §§ 2201–2202.

Prospective injunctive relief against a state official enforcing an allegedly unconstitutional statute is authorized under *Ex parte Young*, 209 U.S. 123 (1908).

## III. VENUE

Venue is proper under 28 U.S.C. § 1391(b). Plaintiff's conduct occurs, and enforcement of the challenged statute would occur, in Nashville and Davidson County, Tennessee.

Davidson County lies within the Nashville Division of this Court.

## IV. PARTIES

Plaintiff Dennis Sobin is a competent adult who resides in Washington, D.C., and regularly travels to Nashville, Tennessee.

4. Plaintiff presently engages in conduct prohibited by § 39-13-514

5. Plaintiff intends to continue engaging in that conduct.

Defendant Glenn R. Funk is the District Attorney General for the Twentieth Judicial District of Tennessee. He is responsible for enforcing Tennessee's criminal statutes within Davidson County, including § 39-13-514.

Defendant is sued **solely in his official capacity** for prospective declaratory and injunctive relief. No damages are sought.

## V. TENNESSEE'S PATRONIZING-PROSTITUTION STATUTE

17. Tennessee Code Annotated § 39-13-512 defines "patronizing prostitution" to include soliciting or hiring another person with the intent that the other person engage in prostitution.
18. Tennessee Code Annotated § 39-13-514 criminalizes patronizing prostitution and imposes criminal penalties on the purchaser.
19. Plaintiff's actual and intended conduct falls squarely within the statute's prohibitions.
20. Tennessee actively enforces § 39-13-514, and Plaintiff faces a credible threat of prosecution if he continues his conduct in Tennessee.

## VI. STANDING AND ACTUAL CONTROVERSY

Plaintiff is not asserting a generalized grievance. He is personally subject to the statute and personally engages in the prohibited conduct.

Plaintiff's intended conduct is concrete, ongoing, and non-hypothetical.

The statute expressly prohibits Plaintiff's conduct, and Tennessee continues to prosecute violations of § 39-13-514.

Plaintiff faces a credible threat of enforcement under *Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014), because:

the statute is active,

Plaintiff engages in the prohibited conduct,

Plaintiff intends to continue, and

enforcement is ongoing.

Plaintiff should not be required to expose himself to arrest before obtaining judicial review.

A declaration and injunction would redress Plaintiff's injury.

## VII. COUNT ONE – SUBSTANTIVE DUE PROCESS

**(Private Consensual Adult Sexual Conduct)**

The Due Process Clause protects intimate decisions central to personal autonomy.

*Lawrence v. Texas* held that adults possess a protected liberty interest in private consensual sexual conduct and rejected moral disapproval as a basis for criminalization.

Plaintiff does not assert a "right to prostitution." He asserts a right to **private consensual adult sexual conduct**, which does not lose constitutional protection merely because compensation is involved.

Compensation does not transform consensual conduct into coercive, exploitative, or harmful conduct. Tennessee may criminalize those independent harms separately.

Criminalizing Plaintiff's conduct solely because money is exchanged imposes a direct and unjustified burden on his protected liberty interest.

Application of § 39-13-514 to Plaintiff violates substantive due process.

## *VIII. COUNT TWO – COMPENSATION DOES NOT EXTINGUISH CONSTITUTIONAL LIBERTY*

The State may regulate commercial activity, but it must identify a constitutionally sufficient justification for criminalizing intimate conduct between competent adults.

A categorical rule that constitutional protection disappears whenever money changes hands would allow the State to redefine constitutional liberties by attaching economic labels.

Under the circumstances alleged—competent adults, voluntary consent, private conduct, and absence of coercion or exploitation—the State lacks a sufficient justification for criminal punishment.

Section 39-13-514 is unconstitutional as applied to Plaintiff.

## *IX. COUNT THREE – EQUAL PROTECTION*

Tennessee permits competent adults to engage in consensual sexual conduct without criminal punishment when compensation is not involved.

Tennessee imposes criminal punishment when identical conduct occurs with compensation.

This classification burdens Plaintiff's protected liberty interests and is not justified by any legitimate governmental interest where coercion, trafficking, minors, or exploitation are absent.

Application of § 39-13-514 to Plaintiff violates the Equal Protection Clause.

## *X. COUNT FOUR – AS-APPLIED CHALLENGE*

Plaintiff does not challenge Tennessee's prostitution laws in all circumstances.

Plaintiff challenges § 39-13-514 **only as applied to his conduct**, which involves:

(a) two competent adults; (b) voluntary consent; (c) private conduct; (d) an agreed exchange of money or value; (e) no minors, force, coercion, trafficking, fraud, violence, or other unlawful circumstances.

Criminalizing Plaintiff's conduct under these circumstances violates the Constitution.

## *XI. COUNT FIVE – DECLARATORY AND INJUNCTIVE RELIEF*

Plaintiff faces an ongoing dilemma: refrain from conduct he contends is constitutionally protected or risk criminal prosecution.

An actual controversy exists regarding Plaintiff's present and intended conduct.

Declaratory and injunctive relief are necessary to prevent ongoing and future enforcement of § 39-13-514 against Plaintiff.

## *XII. REQUEST FOR RELIEF*

Plaintiff respectfully requests that this Court:

A. Declare that the Constitution protects private consensual sexual conduct between competent adults from criminalization solely because compensation is involved;

B. Declare Tennessee Code Annotated § 39-13-514 unconstitutional as applied to Plaintiff;

C. Enjoin Defendant Funk, and those acting under his authority, from enforcing § 39-13-514 against Plaintiff under the circumstances alleged;

D. Declare that Tennessee retains authority to prohibit sexual conduct involving minors, coercion, trafficking, fraud, violence, or other independently unlawful conduct;

E. Award Plaintiff costs as authorized by law;

F. Grant any additional relief the Court deems just and proper.

## *JURY DEMAND*

Plaintiff does not demand a jury because the relief sought is declaratory and equitable.

**Respectfully submitted, DENNIS SOBIN** Plaintiff, Pro Se 725 24th Street NW, Apt. 613 Washington, DC 20037 Email: DennisSobin@Yahoo.com Telephone: 202-393-1511

Date: 9-2-26

**Dennis Sobin**
725 24th Street NW, Apt. 613
Washington, DC 20037

RECEIVED
SEP 0 9 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

**Clerk of Court**
United States District
Court Middle District of Tennessee
Fred D. Thompson U.S. Courthouse
719 Church Street, Suite 1300
Nashville, TN 37203

